TS-190 (RC)
04M02296(MO)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRYSTAL SOLIS VILLEGAS, ET ALS | * |
| Plaintiffs | * |
| vs. | * CIVIL NO: 04-1000(SEC) |
| | * JURY TRIAL DEMANDED |
| TURABO MEDICAL CENTER, ET ALS | * |
| Defendants | * |

**ANSWER TO THE AMENDED COMPLAINT**

Comes now Seguros Triple S and Dr. Pedro Tirado Menendez and his conjugal partnership, through his undersigned attorney, and to this Honorable Court respectfully alleges and prays:

**JURISDICTIONAL BASIS**

1. Paragraph one (1) of the amended complaint is denied for lack of knowledge and information sufficient to form a belief as to the truth of the averment.

2. Paragraph two (2) is admitted that the appearing codefendant is domiciled in Puerto Rico.

3. Paragraph three (3) contains a legal conclusion which at this time the appearing codefendant cannot responsibly ascertain. As such, the paragraph is denied.

**THE PARTIES**

4. Paragraph four (4) is denied for lack of knowledge and information sufficient to form a belief as to the truth of the averment.

5. Paragraphs five (5) and sixth (6) are neither admitted nor denied since they do not

refer to the appearing codefendant.

6.  Paragraphs seven (7) is admitted.

7.  Paragraphs eight (8) to twelve (12) are neither admitted nor denied since it does not refers to the appearing codefendant except that it is admitted from paragraph nine (9) that Seguros Triple S insures doctor Pedro Tirado

## GENERAL ALLEGATIONS

8.  Paragraphs thirteen (13), fourteen (14) and fifteen (15) are legal statements that do not require a responsive pleading from the appearing codefendant.

9.  From paragraph sixteen (16) is admitted that the patient was 72 years-old. The rest is denied as stated.

10. Paragraph seventeen (17) is admitted.

11. Paragraph eighteen (18) is admitted subject to what is clearly elicited from the medical record.

12. Paragraph nineteen (19) [refer at the complaint as ¶ 17] is admitted that he was the attending physician. The rest is denied as stated.

13. Paragraph twenty (20) [refer at the complaint as ¶ 18] is admitted subject to what appears specifically in the medical record.

14. Paragraph twenty-one (21) [refer at the complaint as ¶ 19] is neither admitted nor denied since it does not refers to the appearing codefendant.

15. Paragraphs twenty-two (22) and twenty-three (23) [ refer at the complaint as ¶ 20 and 21] are denied as stated.

16. Paragraph twenty-four (24) [refer at the complaint as ¶ 22] is neither admitted nor denied since it does not refers to the appearing codefendant.

17. From paragraph twenty-five (25) [ refer at the complaint as ¶ 23] is denied at this time

that she vomited blood.

18.     Paragraph twenty-six (26) [refer at the complaint as ¶ 24] is denied as stated.

19.     From paragraph twenty-seven (27) [refer at the complaint as ¶ 25] is admitted that the patient went into respiratory distress.

20.     Paragraph twenty-eight (28) [refer at the complaint as ¶ 26] is denied as stated.

21.     Paragraph twenty-nine (29) [refer at the complaint as ¶ 27] is neither admitted nor denied since it does not refers to the appearing codefendant.

22.     Paragraph thirty (30) [refer at the complaint as ¶ 28] is admitted.

23.     Paragraphs thirty-one (31), thirty-two (32) and thirty-three (33) [refer at the complaint as ¶ 29, 30 and 31] are neither admitted nor denied since it does not refers to the appearing codefendant.

24.     Paragraph thirty-four (34) [ refer at the complaint as ¶ 32] is denied as to the appearing codefendant.

25.     Paragraphs thirty-five (35) and thirty-six (36) [ refer at the complaint as ¶ 33 and 34] are neither admitted nor denied since it does not refers to the appearing codefendant.

### ALLEGED FIRST CAUSE OF ACTION

26.     Paragraphs thirty-seven (37) to fifty (50) [ refer at the complaint as ¶ 35 to 48] are denied.

### ALLEGED SECOND CAUSE OF ACTION

27.     Paragraphs fifty-one (51) to sixty-six (66) [ refer at the complaint as ¶ 49 to 64] are neither admitted nor denied since it does not refers to the appearing codefendant.

### ALLEGED THIRD CAUSE OF ACTION

28.     Paragraphs sixty-seven (67) to sixty-nine (69) [ refer at the complaint as ¶ 65 to 67] are denied.

## ALLEGED FOURTH CAUSE OF ACTION

29.     Paragraphs seventy (70) to seventy-four (74) [refer in the complaint as ¶ 68 to 72] are neither admitted nor denied since it do not refer to the appearing codefendant except that is admitted that Seguros Triple S is the insurance carrier for doctor Pedro Tirado. All references made in those paragraphs as to the direct liability and/or joint tortfeasor of the insurer with the insured are legal conclusions but as applied to this case they are denied in respect to Seguros Triple S and codefendant Tirado.

## ALLEGED FIFTH AND SIXTH CAUSES OF ACTIONS

30.     Paragraphs seventy-five (75) to eighty-five (85) [refer in the complaint as ¶ 73 to 83] are neither admitted nor denied since it do not refer to the appearing codefendant.

## ALLEGED DAMAGES

31.     Paragraphs eighty-six (86) to ninety-four (94) [ refer in the complaint as ¶ 84 to 92] are denied for lack of knowledge and information sufficient to form a belief as to the truth of the averment except that it is affirmatively asserted that the damages claims are not related to any actions and/or alleged omissions of the appearing codefendant.

## AFFIRMATIVE DEFENSES

1.      The complaint fails to state a claim against the appearing party upon which relief can be granted.

2.      The present complaint might be barred by the applicable statute of limitations.

3.      The appearing party did not incur in negligence.

4.      There is no causal relationship between the alleged acts or omissions of the appearing party and the damages claimed by plaintiffs.

5.      According to the allegations in the complaint, the alleged damages were caused by other co-defendants and/or third parties for whose actions the appearing party is not liable as a matter

of law.

6. If a mistake was made in relation to the diagnosis or treatment of this patient, which appearing codefendant denies, it was an honest mistake in judgment and therefore, the appearing codefendant is shield from liability as alleged.

7. This court lacks jurisdiction to entertain the present cause of action.

8. Seguros Triple S insurance policy with doctor Pedro Tirado is subject to its limits, obligations, clauses and conditions.

9. The appearing codefendant reserves the right to seek leave to amend the answer to this complaint and/or raise any additional affirmative defenses that might arise from the discovery to be executed in the case at bar.

WHEREFORE, it is respectfully requested from this Honorable Court that the complaint be dismissed as it pertains to the appearing party and that costs, expenses and attorneys' fees be imposed upon plaintiffs.

I CERTIFY: That on this same date a true and exact copy of the preceding motion has been sent by ECF to the following attorneys to their addresses of record: Jeffrey M. Williams. Maria D. Bertolez, Heidi Rodriguez Benitez

RESPECTFULLY SUBMITTED

In San Juan, P.R., this 23th day of June, 2004.

> BUFETE GONZALEZ VILLAMIL
> GONZALEZ PANDO PLAZA
> 1181 AVE. JESUS T. PIÑERO
> SAN JUAN, PR  00920-5604
> TELS. 792-5200; 273-8223
> FAX 273-8250
> E-MAIL: rruizco@coqui.net
>
>
> ROBERTO RUIZ COMAS
> USDCN 204313