### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRYSTAL SOLIS VILLEGAS, et al<br><br>Plaintiffs<br><br>v.<br><br>TURABO MEDICAL CENTER, S.E., et al<br><br>Defendants | CIVIL NO. 04-1000 (SEC)<br><br>TORT ACTION FOR MEDICAL MALPRACTICE<br><br>TRIAL BY JURY DEMANDED |

**ANSWER TO AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** codefendants, Dr. Hernán Echeverri-Londoño and the conjugal partnership constituted with his wife, and, through the undersigned attorneys, respectfully states and requests as follows:

1.  Paragraph number 1 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

2.  As to paragraph number 2 of the Amended Complaint, it is only admitted that Dr. Hernán Echeverri-Londoño is domiciled in Puerto Rico.

3.  Paragraph number 3 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity. Federal jurisdiction in this case is contested.

4.  Paragraph number 4 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

CIVIL NO.: 04-1000 (SEC)                                                                                         PAGE 2

5-7.     Paragraphs number 5, 6, and 7 of the Amended Complaint do not require responsive pleadings from the appearing codefendants since their allegations are aimed at other codefendants. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

8.     As to paragraph number 8 of the Amended Complaint it is admitted that Dr. Echeverri-Londoño is an internist and that he is authorized to practice medicine in Puerto Rico.

9.     As to paragraph number 9 of the Amended Complaint it is only admitted that Dr. Echeverri-Londoño is insured under a medical malpractice policy number PRM-12025, issued by the Insurers' Syndicate for the Joint Underwriting of Medico-Hospital Liability Insurance (hereinafter "SIMED"), whose coverage limits are of $100,000 for each medical incident covered and an aggregate of $300,000. This policy is strictly subject to its clauses, conditions, limitations and exclusions.

10.     Paragraph number 10 of the Amended Complaint does not require a responsive pleading from appearing codefendants since its allegations are aimed at other codefendant. Should an answer be required from appearing codefendants, such paragraph of the Amended Complaint is denied.

11. The allegation contained in paragraph 11 of the Amended Complaint is denied. It is only admitted that Dr. Echeverri-Londoño is married and that a conjugal partnership is constituted with his wife.

12. Paragraph number 12 of the Amended Complaint does not require a responsive pleading from appearing codefendants. Should an answer be required from appearing codefendants, such paragraph of the Amended Complaint is denied.

13-15. Paragraphs number 13, 14, and 15 of the Amended Complaint do not require responsive pleadings.

16. Paragraph number 16 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

17. Paragraph number 17 of the Amended Complaint does not require a responsive pleading from appearing codefendants since its allegations are aimed at other codefendant. Should an answer be required from appearing codefendants, such paragraph of the Amended Complaint is denied.

18. Paragraph number 18 of the complaint is denied for lack of sufficient knowledge and information to sustain an opinion as to its veracity.

18a. Second paragraph identified with number 17 in the Amended Complaint does not require a responsive pleading from appearing codefendants since its allegations are aimed at other codefendant. Should an answer be

CIVIL NO.: 04-1000 (SEC)                                                                 PAGE 4

required from appearing codefendant, such paragraph of the Amended Complaint is denied.

18b.   As to the allegation contained in the second paragraph identified with number 18 in the Amended Complaint, it is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

19.   The allegation in paragraph number 19 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

20-21. Paragraphs number 20 and 21 of the Amended Complaint are denied as drafted.

22-23. Paragraphs number 22 and 23 of the Amended Complaint are denied for lack of sufficient knowledge or information to sustain an opinion as to their veracity.

24.   Paragraph number 24 of the Amended Complaint is denied as drafted.

25.   Paragraph number 25 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

26-27. Paragraphs number 26 and 27 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other codefendants. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

28-29. Paragraphs number 28 and 29 of the Amended Complaint are denied.

30-31. Paragraphs number 30 and 31 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other codefendant. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

32. Paragraph number 32 of the Amended Complaint is denied to the extent that it refers to Dr. Echeverri-Londoño.

33. Paragraph number 33 of the Amended Complaint is denied.

34. Paragraph number 34 of the Amended Complaint is denied for lack of sufficient knowledge or information to sustain an opinion as to its veracity.

35-48. Paragraphs number 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other codefendant. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

49-64. Paragraphs number 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other

codefendants. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

65-67. Paragraphs number 65, 66, and 67 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other codefendants. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

68-72. Paragraphs number 68, 69, 70, 71, and 72 of the Amended Complaint do not require responsive pleadings from appearing codefendants since their allegations are aimed at other codefendants. Should an answer be required from appearing codefendants, such paragraphs of the Amended Complaint are denied.

73-80. Paragraphs number 73, 74, 75, 76, 77, 78, 79, and 80 of the Amended Complaint are denied.

81-83. Paragraphs number 81, 82, and 83 of the Amended Complaint are denied.

84-85. Paragraphs number 84 and 85 of the Amended Complaint are denied.

86-87. Paragraphs number 86 and 87 of the Amended Complaint are denied for lack of sufficient knowledge or information to sustain an opinion as to their veracity.

CIVIL NO.: 04-1000 (SEC) PAGE 7

87a. As to the second paragraph identified with number 87, it is denied.

88-91. Paragraphs number 88, 89, 90, and 91 of the Amended Complaint are denied.

92. Paragraph number 92 of the Amended Complaint does not require a responsive pleading. The right to jury trial in this case is contested.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction to entertain this action.

3. This Court lacks supplemental jurisdiction.

4. The plaintiffs have failed to invoke properly federal jurisdiction.

5. The medical treatment dispensed by Dr. Hernán A. Echeverri-Londoño to patient Felícita Villegas fulfills the professional standards generally recognized by the best practice of medicine.

6. The medical condition of patient Felícita Villegas was caused by acts or omissions of third parties unrelated to the appearing codefendant for whom he cannot be held liable.

7. The medical condition of patient Felícita Villegas is part of an inherent risk of the condition which she suffered and the treatment afforded to him.

CIVIL NO.: 04-1000 (SEC)                                                                                                                    PAGE 8

8.   There is no causal relationship between the damages and the acts or omissions alleged against Dr. Hernán A. Echeverri-Londoño.

9.   The death of patient Felícita Villegas, and therefore, plaintiffs' damages were the result of intervening causes that occurred after the treatment afforded by Dr. Hernán A. Echeverri-Londoño.

10.   The treatment afforded by Dr. Hernán A. Echeverri-Londoño to patient Felícita Villegas was not the proximate cause of his demise.

11.   Plaintiffs have failed in their burden of showing sufficient evidence to overcome the presumption of correctness in the diagnosis and treatment received by patient Felícita Villegas from Dr. Hernán A. Echeverri-Londoño.

12.   The health of patient Felícita Villegas was a contributory cause to his medical condition and eventual demise, and thus of the damages allegedly suffered by plaintiffs.

13.   This action is time-barred by the applicable statute of limitations.

14.   Plaintiffs did not toll the applicable statute of limitation with respect to their action against Dr. Hernán A. Echeverri-Londoño, and therefore said action is time-barred.

15.   The allegations contained in the instant complaint are barred by the application of the principle of res judicata and/or collateral estoppel and/or issue preclusion.

CIVIL NO.: 04-1000 (SEC)                                                                          PAGE 9

16. The appearing defendant, Dr. Hernán A. Echeverri-Londoño, did not participate in any of the actions or omissions that allegedly caused the patient's demise, and hence, he is not responsible or liable for any damages as alleged by plaintiffs.

17. No joint and several liability can be imposed on Dr. Hernán A. Echeverri-Londoño for acts or omissions of HIMA and/or its personnel.

18. Dr. Hernán A. Echeverri-Londoño is not a joint tortfeasor.

19. Had Dr. Hernán A. Echeverri-Londoño participated in any act or omission that could have departed from the applicable standard of care according to the best practice of medicine, which is denied, he still cannot be held liable to plaintiffs because he is protected from liability by the doctrine of reasonable judgment error ("error de juicio honesto y razonable").

20. The plaintiffs failed to join an indispensable party.

21. Patient Felícita Villegas assumed the risks of his treatment.

22. Plaintiffs' causes of action are barred under the doctrine of laches.

23. Plaintiffs waived their claims.

24. Plaintiffs failed to mitigate damages.

25. There is no valid cause of action for punitive damages.

26.  The insurance policy issued by SIMED to Dr. Hernán A. Echeverri-Londoño is strictly limited and defined by the terms and conditions, including coverage limits, stated in the insurance contract.

27.  Dr. Hernán A. Echeverri-Londoño reserves his right to amend this answer to complaint at the conclusion of the discovery proceedings and to raise any additional affirmative defenses based on new information.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the instant action be dismissed with prejudice and that costs, fees, expenses and a reasonable amount of attorneys fees be awarded to the appearing defendant.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on July 14, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys: **Jeffrey M. Williams-English, Esq.**, jeffrey.williams@indianowilliams.com; **Ada Sofía Esteves**, sofia.esteves@indianowilliams.com; **Ernesto J. Rodríguez-Lavergne**, ejrodriguez@indianowilliams.com; **Roberto E. Ruiz-Comas, Esq.**, roberto@gonzalezvillamil.com; **Heidi L. Rodríguez-Benítez, Esq.**, hlrodríguez@pmalaw.com; and **María D. Bertolez-Elvira**, mbertolez@pmalaw.com.

At San Juan, Puerto Rico, July 14, 2004.

S/ Luis R. Ramos-Cartagena
**LUIS R. RAMOS CARTAGENA**

**USDC-PR No. 220310**
Attorney for Co-Defendants, Dr. Hernán Echeverri and the conjugal partnership constituted with his wife
**GONZÁLEZ CASTAÑER & MORALES CORDERO, C.S.P.**
WesternBank World Plaza, Suite 1500
268 Muñoz Rivera Ave.
Hato Rey, Puerto Rico  00918
TEL. 758-7819 / FAX 758-4152
E-mail Addresses: luis_ramos@zonai.com; luisramoscartagena@yahoo.com

26510 Answer to amended complaint.wpd