IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRYSTAL SOLIS VILLEGAS AND LINDA SOLIS VILLEGAS,<br><br>Plaintiffs,<br><br>vs.<br><br>TURABO MEDICAL CENTER S.E., d/b/a HOSPITAL INTERAMERICANO DE MEDICINA AVANZADA (HIMA) of Caguas, DR. PEDRO TIRADO MENENDEZ, his wife IRIS ALBERTORIO DIAZ and THE CONJUGAL PARTNERSHIP comprised by them, their insurance company, SEGUROS TRIPLE-S, INC., DR. HERNAN ECHEVERRI, his spouse MARIA ANTONIA ARRANZ a/k/a MARIA ANTONIA ECHEVERRI, and THE CONJUGAL PARTNERSHIP comprised by them, SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA ("SIMED"), and JOHN AND JIM DOE, unknown joint tortfeasors,<br><br>Defendants. | CIVIL NO. 04- 1000 (SEC)<br><br><br>TORT ACTION FOR MEDICAL MALPRACTICE<br><br>TRIAL BY JURY DEMANDED |

## SECOND AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**APPEAR NOW** the Plaintiffs in this action, **CRYSTAL SOLIS VILLEGAS AND LINDA SOLIS VILLEGAS,** and through the undersigned attorneys, and respectfully state, allege and pray as follows:

## JURISDICTIONAL BASIS

1. Plaintiff CRYSTAL SOLIS is a domiciliary and resident of the state of Nevada, and Plaintiff LINDA SOLIS, also known as LINDA SOLIS GORDON, is a domiciliary and resident of the state of Florida.

2. All co-Defendants are domiciled, incorporated or with principle place of business in Puerto Rico or in another state other than Nevada.

3. The matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs, vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

## THE PARTIES

4. CRYSTAL and LINDA SOLIS are the daughters of Felicita Villegas.

5. TURABO MEDICAL CENTER S.E. is a special limited partnership operating under the name of HOSPITAL INTERAMERICANO DE MEDICINA AVANZADA and is duly registered in and with its principal place of business in Puerto Rico.

6. Defendant TURABO MEDICAL CENTER S.E./ HOSPITAL INTERAMERICANO DE MEDICINA AVANZADA (hereinafter "HIMA") has various hospitals in Caguas and Humacao, Puerto Rico, wherein it provides its patients with hospital care.

7. Defendant Dr. PEDRO TIRADO MENENDEZ (hereinafter "Tirado" or "Dr. Tirado") is an internist and is authorized to practice medicine in Puerto Rico.

8. Upon information and belief, Defendant Dr. HERNAN ECHEVERRI is also an internist and is authorized to practice medicine in Puerto Rico.

9. Defendants SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MEDICO-HOSPITALARIA (hereinafter, "SIMED") and SEGUROS TRIPLE S, INC., are insurance companies companies organized, existing, and with their principal places of business in Puerto Rico or a state or territory other than Florida, which insure co-defendants HIMA, Tirado, Echeverri and/or other unknown joint tortfeasors.

10. IRIS ALBERTORIO DIAZ, and the conjugal partnership comprised between her and co-Defendant Tirado, are liable for the damages caused by the other spouse while engaging in those activities which benefit the conjugal partnership.

11. MARIA ANTONIA ARRANZ, a/k/a MARIA ANTONIA ECHEVERRI, and the conjugal partnership comprised between her and Dr. Hernán Echeverri, are liable for the damages caused by the other spouse while engaging in those activities which benefit the conjugal partnership.

12. JOHN AND JIM DOE are unknown joint tortfeasors who are therefore liable to Plaintiffs, in whole or in part, for the actions herein described and the damages suffered by Plaintiffs.

## GENERAL ALLEGATIONS

13. Pursuant to 26 P.R. Laws Ann. §2001, a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured.

14. Pursuant to 26 P.R. Laws Ann. §2003, an action against an insurer may be brought separately or may be joined with an action against its insured.

15. Pursuant to Puerto Rico law, conjugal partnerships and spouses are liable for the damages caused by the other spouse while engaging in those activities which benefit the conjugal partnership.

16. Ms. Felicita Villegas was, at all times herein pertinent, a 72 year-old patient of co-Defendants Tirado and HIMA in Caguas, Puerto Rico.

17. At all times material hereto, co-Defendant Tirado was an internist with privileges and was allowed to practice medicine at HIMA in Caguas at the time of admission of Ms. Felicita Villegas to HIMA.

18. On October 27, 2003, Dr. Tirado admitted his patient, Felicita Villegas for medical testing and close observation due to right leg pain, swelling, redness, local hyperthermia claudication, (+) Hoffman's sign, generalized weakness and malaise.

19. Dr. Tirado was Felicita Villegas' attending physician and as such, was in charge of the patient's care at the HIMA, Caguas.

20. During the hospitalization, Felicita Villegas was administered heparin, an anticoagulant to treat the condition in her right leg.

21. HIMA personnel administered an injection to her left leg which reacted adversely, requiring medical attention and further complicating her original medical condition.

22. Defendants failed to inform Ms. Felicita Villegas of the alternatives to the invasive procedure or the dangers, including death, resulting from reactions or complications to invasive procedures such as an injection while under anticoagulants.

23. Defendants failed to obtain informed consent from Ms. Felicita Villegas for the invasive

procedure.

24. After being injected, Felicita Villegas's left leg began to react adversely to the intervention.

25. Felicita Villegas' condition progressively turned for the worse and she began vomiting blood.

26. Felicita Villegas' medical condition was not being closely monitored and/or was not being attended to in a timely or adequate fashion.

27. Felicita Villegas' condition progressively worsened day after day until she went into respiratory distress.

28. HIMA personnel tried to contact Dr. Tirado, who was unavailable.

29. HIMA personnel were negligent in their care of Felicita Villegas.

30. Dr. Echeverri was the doctor assigned to cover for Dr. Tirado.

31. Dr. Echeverri did not provide timely and/or adequate medical care to Felicita Villegas.

32. HIMA personnel belatedly and ineffectively administered medical assistance to counteract the respiratory distress and prevent the death of the patient.

33. HIMA personnel were unable to adequately treat Felicita Villegas in her hospital room and never transferred her to ICU in order to receive the appropriate treatment.

34. Felicita Villegas died as a result of the lack of timely and effective medical treatment administered by HIMA personnel, and lack of care by Dr. Tirado and Dr. Echeverri.

35. Although Felicita Villegas had died hours earlier, Crystal and Linda Solis's family was misinformed, and were told that her mother was still at ICU.

36. Eventually, the head nurse informed the Solis family that Felicita Villegas had died and that

the wrong family had been notified.

# FIRST CAUSE OF ACTION
# FOR NEGLIGENCE UNDER ARTICLE 1802
# OF THE PUERTO RICO CIVIL CODE
# AGAINST DR. PEDRO TIRADO MENENDEZ

37. The allegations contained above are incorporated by reference as if again fully set forth herein.

38. Defendant Dr. Pedro Tirado Menendez' treatment of Felicita Villegas was below the medical standard that satisfies the exigencies generally recognized by the medical profession in light of the modern means of communication and teaching, and as such directly caused and/or contributed to causing Plaintiffs the untimely death of their beloved mother, Felicita Villegas, and the injuries as described herein.

39. Defendant Dr. Pedro Tirado Menéndez negligently and carelessly failed to properly evaluate, monitor, treat, diagnose and timely manage Felicita Villegas' medical condition.

40. Defendant Dr. Pedro Tirado Menendez negligently and carelessly failed to timely recognize the significance and seriousness of Felicita Villegas' laboratory results and profiles.

41. Defendant Dr. Pedro Tirado Menendez negligently and carelessly failed to timely initiate therapeutic treatments.

42. Defendant Dr. Pedro Tirado Menendez negligently and carelessly failed to ensure his patient Felicita Villegas was properly cared for, while or in the event he was or became unavailable.

CRYSTAL SOLIS AND LINDA SOLIS v. TURABO MEDICAL CENTER
SECOND AMENDED COMPLAINT
PAGE 7

43. Defendant Dr. Pedro Tirado Menendez negligently and carelessly failed to provide proper care of his patient, Ms. Felicita Villegas, by failing to follow up closely when complications resulted from the administration of the injection while under blood anticoagulants.

44. Defendant Dr. Pedro Tirado Menendez failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat his patient, Ms. Felicita Villegas by failing to follow closely this patient and the laboratory results and clinical signs.

45. Defendant Dr. Pedro Tirado Menendez failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat his patient, Ms. Felicita Villegas by failing to timely and adequately intervene when her condition worsened.

46. Defendant Dr. Pedro Tirado Menendez failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat his patient, Ms. Felicita Villegas by failing to timely and effectively provide airway management.

47. Defendant Dr. Pedro Tirado Menendez failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat his patient, Ms. Felicita Villegas by failing to infuse the patient with liquids known as volume loading.

48. Defendant Dr. Pedro Tirado Menendez failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat his patient, Ms. Felicita Villegas by failing to continue the defribillation attempts.

49. In so doing, Defendant Tirado committed professional negligence, including lack of expertise, fault and malpractice, which directly and proximately caused the injuries and damages suffered by Plaintiffs, particularly for the loss of Ms. Felicita Villegas, as detailed herein.

50. As a direct and proximate cause of co-Defendant Tirado's negligence in failing to properly treat Ms. Felicita Villegas, Plaintiffs sustained severe injuries and other damages, as described below.

## SECOND CAUSE OF ACTION
## FOR NEGLIGENCE UNDER ARTICLE 1802
## OF THE PUERTO RICO CIVIL CODE
## AGAINST HIMA, CAGUAS AND ITS PERSONNEL

51. The allegations contained above are incorporated by reference as if again fully set forth herein.

52. The treatment offered by Hospital Interamericano De Medicina Avanzada, d/b/a/ HIMA, Caguas, through its technical personnel, to Felicita Villegas was below the medical standard that satisfies the exigencies generally recognized by the medical profession in light of the modern means of communication and teaching, and as such directly caused and/or

CRYSTAL SOLIS AND LINDA SOLIS v. TURABO MEDICAL CENTER
SECOND AMENDED COMPLAINT
PAGE 9

contributed to causing Plaintiffs the untimely death of their beloved mother, Felicita Villegas, and the injuries as described herein.

53. Hospital Interamericano De Medicina Avanzada, d/b/a/ HIMA, Caguas personnel failed to exercise the care and precautions required under the circumstances in order to prevent the loss of Ms. Felicita Villegas' life, lacked the required knowledge and medical skill, failed to have available the personnel and equipment necessary to avoid the injuries and subsequent death of Ms. Felicita Villegas.

54. Hospital Interamericano De Medicina Avanzada d/b/a/ HIMA, Caguas personnel failed to carefully assess the need for the injection/invasive procedure, the allergic history of the patient, to monitor the effects of the injection/invasive procedure and treat in a timely and effective manner to avoid the death of Ms. Felicita Villegas, and in general acted with negligence, imprudence, and lack of expertise under the circumstances.

55. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, negligently failed to initiate timely therapeutic treatments.

56. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, negligently failed to recognize the serious nature of the Ms. Villegas' condition.

57. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, negligently and carelessly failed to timely refer Ms. Villegas for evaluation to a qualified expert.

58. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, negligently failed to contact and communicate the urgency and rapidly deteriorating condition to Villegas' with appropriate consultants on a timely basis.

59. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, negligently failed to provide the medical treatment and equipment to timely provide the therapeutic treatments in time to resuscitate Ms. Villegas.

60. At all times herein pertinent, co-Defendant Hospital Interamericano De Medicina Avanzada d/b/a HIMA, its directors, officers, and employees were negligent in failing to provide the proper medical attention to Ms. Felicita Villegas, in failing to provide the proper supervision of co-Defendant Tirado and the medical personnel it employs, and otherwise failing to exercise due care and caution to prevent the tortious conduct and injuries to Plaintiffs and to Ms. Felicita Villegas.

61. Hospital Interamericano De Medicina Avanzada d/b/a HIMA, not only failed to adequately supervise the defendant physicians, but permitted the use of its facilities, allowing, encouraging, and condoning the negligent care and improper treatment of Ms. Felicita Villegas, proximately and directly causing Plaintiffs' injuries.

62. Hospital Interamericano De Medicina Avanzada, d/b/a HIMA, offered medical services to its patients, but failed to staff its hospital with the medical personnel and equipment necessary to timely and appropriately and safely treat its patients.

63. In so doing, Hospital Interamericano de Medicina Avanzada, d/b/a HIMA misled those who sought full hospital treatment into thinking that they would be appropriately treated.

64. Hospital Interamericano de Medicina Avanzada d/b/a HIMA, did not provide the timely services of a person capable of handling the emergency medical conditions.

65. As a direct and proximate result of Hospital Interamericano de Medicina Avanzada d/b/a

HIMA's lack of available physicians as well as the supervision of the treating physicians, technicians and other medical personnel and its failure to staff its clinic with the medical personnel and equipment necessary to appropriately treat such emergency situations at HIMA, HIMA and its personnel negligently caused Plaintiffs the untimely death of their mother and the injuries as described herein.

66. As a direct and proximate cause of co-Defendant HIMA, Caguas and its personnel's failure to properly treat Ms. Felicita Villegas, Plaintiffs sustained severe injuries and other damages, as described below.

### THIRD CAUSE OF ACTION
### AGAINST IRIS ALBERTORIO DIAZ, WIFE OF DR. PEDRO TIRADO MENENDEZ, AND THEIR CONJUGAL PARTNERSHIP

67. The allegations contained above are incorporated by reference as if again fully set forth herein.

68. The activities by which co-Defendant Tirado caused Plaintiffs damages were activities which benefitted co-Defendant Conjugal Partnership comprised by Dr. Tirado and his wife, Iris Albertorio Diaz.

69. As such, this Conjugal Partnership, and the spouse of Dr. Tirado are jointly and severally liable to all Plaintiffs for the damages caused by Dr. Tirado.

### FOURTH CAUSE OF ACTION
### AGAINST SIMED AND SEGUROS TRIPLE S- INC.

70. The allegations contained above are incorporated herein by reference as if again fully set forth.

71. Co-defendants SIMED and Seguros Triple S, Inc., were, at all times herein pertinent, an insurance company authorized to do business as such in the Commonwealth of Puerto Rico which issued a public liability and/or malpractice insurance policy on behalf of co-Defendants HIMA, Tirado, Echeverri and/or other unknown joint tortfeasors.

72. Pursuant to 26 P.R. Laws Ann. § 2001, an insurance company is liable for the negligence or fault of its insured.

73. Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined together with an action against its insured.

74. Therefore, co-Defendants SIMED and Seguros Triple S, Inc., are severally liable to all Plaintiffs for the damages caused to them by co-Defendants Dr. Tirado, Hospital Interamericano De Medicina Avanzada d/b/a HIMA, Caguas, Dr. Echeverri, and/or other unknown co-Defendants, respectively.

**FIFTH CAUSE OF ACTION
FOR NEGLIGENCE UNDER ARTICLE 1802
OF THE PUERTO RICO CIVIL CODE
AGAINST DR. HERNAN ECHEVERRI**

75. The allegations contained above are incorporated by reference as if again fully set forth herein.

76. Dr. Hernán Echeverri was the physician covering for Dr. Pedro Tirado Menendez on the night Mrs. Felicita Villegas died.

77. Co-Defendant Echeverri's treatment of Felicita Villegas was below the medical standard that satisfies the exigencies generally recognized by the medical profession in light of the

modern means of communication and teaching, and as such directly caused and/or contributed to causing Plaintiffs the untimely death of their beloved mother, Felicita Villegas, and the injuries as described herein.

78. Co-Defendant Echeverri negligently and carelessly failed to timely manage Felicita Villegas' medical condition.

79. Co-Defendant Echeverri failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat Ms. Felicita Villegas by failing to follow closely this patient and the clinical signs.

80. Co- Defendant Echeverri failed to exercise reasonable care and skill commensurate with the standard of care practiced in the medical profession at that time and under like and similar circumstances when he failed to appropriately treat Ms. Felicita Villegas by failing to timely and adequately intervene when her condition worsened.

81. In so doing, co-Defendant Echeverri committed professional negligence, including lack of expertise, fault and malpractice, which directly and proximately caused the injuries and damages suffered by Plaintiffs, particularly for the loss of Felicita Villegas, as detailed herein.

82. As a direct and proximate cause of co-Defendant Hernán Echeverri's negligence in failing to properly treat Ms. Felicita Villegas, Plaintiffs sustained severe injuries and other damages, as described below.

**SIXTH CAUSE OF ACTION**

### AGAINST MARIA ANTONIA ARRANZ, a/k/a MARIA ANTONIA ECHEVERRI, SPOUSE OF DR. HERNAN ECHEVERRI AND THEIR CONJUGAL PARTNERSHIP

83. The allegations contained above are incorporated by reference as if again fully set forth herein.

84. The activities by which co-Defendant Echeverri caused Plaintiffs damages were activities which benefitted co-Defendant Conjugal Partnership comprised by Dr. Hernán Echeverri and his spouse, Maria Antonia Arranz, a/k/a Maria Antonia Echeverri.

85. Therefore, this Conjugal Partnership, and Dr. Echeverri's spouse are jointly and severally liable to all Plaintiffs for the damages caused by Dr. Hernán Echeverri.

### DAMAGES

86. The allegations contained above are incorporated by reference as if again fully set forth herein.

87. As a result of the professional negligence, lack of expertise, fault, and malpractice of all Defendants, Plaintiffs lost their mother, Felicita Villegas, a 72 year-old vivacious, beloved and industrious person.

88. Felicita Villegas and Plaintiffs were very close, and they visited often and spoke almost on a daily basis.

89. In losing Felicita Villegas, Plaintiffs Crystal and Linda Solis not only lost their mother, but also one of their best friends and closest confidantes.

90. As a direct and proximate result of the negligence of all Defendants, Plaintiffs Crystal and

CRYSTAL SOLIS AND LINDA SOLIS v. TURABO MEDICAL CENTER
SECOND AMENDED COMPLAINT
PAGE 15

Linda Solis will no longer have the joy of having their mother, Felicita Villegas with them, or otherwise enjoy the irreplaceable pleasures and value of Ms. Felicita Villegas' company and advice.

91. As a direct and proximate result of the negligence of all Defendants, Plaintiffs will continue to suffer the irreparable loss of their mother Felicita Villegas.

92. As a direct and proximate result of the negligence of all Defendants, Ms. Felicita Villegas suffered an agonizing and painful death by asphyxiation, a cause of action which Plaintiffs have inherited as Ms. Felicita Villegas' heirs under Puerto Rico law.

93. The damages suffered by Plaintiffs have a reasonable value in excess of **FOUR MILLION DOLLARS ($4,000,000.00),** including, but not limited to, past and future mental and emotional pain and suffering, their mother's mental, emotional and physical pain and suffering before her death.

94. Plaintiffs also suffered damages of approximately $3,445.00 in funeral expenses and approximately $1,500.00 in travel and miscellaneous expenses.

95. Plaintiffs hereby demand trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendants jointly and severally, in the amount of no less than **FOUR MILLION DOLLARS ($4,000,000.00)**, as well as $4,945.00 in funeral and travel expenses, plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 24th day of August, 2004.

CRYSTAL SOLIS AND LINDA SOLIS v. TURABO MEDICAL CENTER
SECOND AMENDED COMPLAINT
PAGE 16

<u>**S/ Ernesto J. Rodríguez Lavergne**</u>
**Ernesto J. Rodríguez Lavergne USDC 219207**
**Attorney for Plaintiff**
**INDIANO & WILLIAMS, P.S.C.**
207 del Parque Street, Third Floor
San Juan, P.R. 00912
Tel: (787)641-4545; Fax: (787) 641-4544
Email: jeffrey.williams@indianowilliams,com
         ejrodriguez@indianowilliams.com